UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3173-F

**Dwight Charles Wishard**,

            Plaintiff,

v.

**All United States Justice Department Office of Trust Officers, Employees or Agents**, et al.,

            Defendants.

**Order & Memorandum & Recommendation**

      Plaintiff Dwight Charles Wishard has filed a lawsuit alleging, primarily, that the Defendants are violating his constitutional rights and engaging in negligence by providing inadequate medical care for his bone cancer. He claims that he is entitled to receive a specific medication to combat a recurrence of bone cancer, but that medical providers have prescribed a different and inferior medication. Additionally, he claims that the United States Parole Commission violated his Fifth Amendment due process rights by revoking his parole based upon state charges; the staff at Federal Medical Center Butner is retaliating against him, in violation of his First Amendment rights, by planning to transfer him to another facility; and the staff at Federal Correctional Center Coleman was negligent by not providing him with cancer treatments for several months while he was incarcerated there. He seeks monetary damages and injunctive relief. Since his initial filing, Wishard has filed two motions to amend, a motion for entry of default, and a motion for summary judgment.

      After reviewing Wishard's filings, the court will deny his first motion to amend as moot, grant his second motion to amend, allow his FTCA claim to proceed, recommend dismissal of

his constitutional claims, and recommend that his motion for preliminary injunction, motion for entry of default, and motion for summary judgment be denied.[1]

## I. Background

Wishard is serving a 24-month sentence at the Federal Medical Center Butner after a parole revocation. *See* https://www.bop.gov/inmateloc/ (last visited December 19, 2016). Prior to February 23, 2015, when United States Marshals Service arrested Wishard for allegedly violating his parole, he was receiving zoledronic acid-reclast as treatment for his bone cancer. As a result of this treatment, Wishard claims, his cancer went into remission. He maintains that he experienced "100% positive results" from the medication with no metastasis, bone or joint pain, side-effects, or allergic reactions. *See* Pet'r's Ex. at 22, D.E. 1-1. When the Marshals Service arrested Wishard, it also obtained his medical records. Wishard received his medication each month while in the Marshal's custody. *See id.*

On July 15, 2015, after the United States Parole Commission revoked his parole, Wishard was transferred, along with his medical records, to FCC Coleman in Florida to serve his sentence. *See id.* at 23. The staff at Coleman knew of Wishard's medical condition and the prescribed treatment, but failed to administer it. *See id.* On October 8, 2015, Wishard notified Assistant Warden Camren that he was not receiving his prescribed treatment. *See id.* at 24. On October 22, 2015, the BOP transferred Wishard to FMC Butner. *See id.*

Once at Butner, Wishard underwent bone scan procedure. He had a medical consultation with oncologist Dr. Carden, who told him that the cancer had returned and spread. Dr. Carden told Wishard he would prescribe Pamidronate to treat the recurrence of his cancer. *See id.* at 25. Wishard claims that this medication "has been proven to be of inferior quality to zoledronic acid-

---

[1] The district court has referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

reclast." *See id.* at 25–26. Since treatment commenced with Pamidronate, Wishard has suffered side effects "such as severe tightening of [his] chest[,] swelling of [his] throat[,] severe bone, joint and muscle pain[,] pain in [his] ribs on both sides[,] and [in his] arms[,] legs and lower back." *Id.* at 26. Dr. Carden has not responded to Wishard's complaints about these side effects. *See id.* at 26, 28–29. During one of his examinations, Wishard claims that a member of the medical staff told him that the prison was preparing to transfer him to another facility, an action Wishard deems to be retaliatory in nature. D.E. 5 at 3–4.

Wishard has also been pursuing an Administrative Tort Claim in relation to the care he received while at FCC Coleman. Included among the documents with Wishard's Second Amended Complaint is the Government's response to his allegations. D.E. 10-1 at 50. The Government's response outlines the medical care that Wishard received while at FCC Coleman and contends that the care was appropriate. *Id.* It appears to call into question whether Wishard's cancer has, in fact, recurred. *Id.* The Government also notes that zoledronic acid is not a cancer treatment, but, instead, is used "to reduce the frequency of skeletal (bone) complications that can be caused by the underlying cancer." *Id.* at 51. Finally, the Government maintains that the medication prescribed for Wishard at Butner is equally effective as his preferred medication. *Id.* The response concludes by asserting the Government's position that Wishard has received appropriate medical care for all of his injuries and he is not entitled to any damages. *Id.* at 52.

3

## II. Motions to Amend

Wishard has filed two motions to amend his complaint. He filed his first motion (D.E. 5) in response to the court's order to particularize his complaint and filed his second motion (D.E 10) in an attempt to assert an FTCA claim against the Defendants. A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2).

Wishard's first motion to amend his complaint (D.E. 5) is unnecessary because the court directed Wishard to re-file his initial pleading on the forms prescribed for use by the court in this district, *see* D.E. 4. In response, Wishard filed his Amended Complaint on the proper form (D.E. 6). Because Wishard's Amended Complaint (D.E. 6) was filed pursuant to court order, his first motion to amend (D.E. 5) is denied as moot.

On October 31, 2016, Wishard filed a second motion to amend his complaint (D.E. 10), asserting a claim under the FTCA for negligent treatment of his cancer while confined at Coleman. *See id.* Because Wishard's Complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Wishard's motion to amend (D.E. 10) is granted.

## III. Review Under 28 U.S.C. § 1915A

The Prison Litigation Reform Act of 1996 ("PLRA") requires courts to review actions filed by prisoners against governmental entities or officials. 28 U.S.C. §1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

In order to avoid dismissal for failing to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Wishard's status as a *pro se* party relaxes, but does not eliminate, the requirement that his Complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Additionally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such

5

Case 5:16-ct-03173-F Document 15 Filed 01/13/17 Page 5 of 14

as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967). With this framework in mind, the court turns to its analysis of Wishard's pleadings.

A.  **Constitutional Claims**[2]

1.  **Fifth Amendment Double Jeopardy Claims**

Wishard claims that the United States Parole Commission violated the Fifth Amendment's Double Jeopardy Clause when it revoked his parole based upon a state conviction. This argument has no legal support. *United States v. Woodrup*, 86 F.3d 359, 362 (4th Cir. 1996) ("[A] sentence imposed upon the revocation of probation or parole is not punishment for the conduct prompting the revocation, but, rather, a modification of the original sentence for which the probation or parole was authorized .... "); *see also United States v. Fonteneau*, 277 F. App'x 293, 295 (4th Cir. 2008) ("[B]ecause a sentence imposed after the revocation [of probation] is not considered a new punishment," but rather, a part of the original sentence, "the Double Jeopardy Clause is not implicated." ) (citing cases); *United States v. Hanahan*, 798 F.2d 187, 189 (7th Cir. 1986) ("[R]evocation of parole and a criminal prosecution can lawfully be based on the same transaction without violating the double jeopardy clause."). Therefore, this claim should be dismissed.

2.  **First Amendment Retaliation Claim.**

Wishard also claims that the Defendants are violating his First Amendment rights because they are retaliating against him by transferring him to another facility. To prevail on a claim of retaliation, plaintiff must demonstrate "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Wishard's claim of retaliation fails for two

---

[2] The court presumes without deciding that each of these claims may be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

reasons. First, there is no indication that Wishard has actually been transferred from Butner. Second, although Wishard claims that his transfer is retaliatory in nature, this claim is wholly conclusory. The Fourth Circuit has previously explained that conclusory allegations of retaliation are insufficient to allege a constitutional violation. *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994). This claim should be dismissed.

### 3. Eighth Amendment Deliberate Indifference

The court construes Wishard's allegation that he is not being adequately treated for his cancer as alleging deliberate indifference to Wishard's medical needs in violation of the Eighth Amendment. All defendants are sued in their official and individual capacities. Ultimately, it is appropriate to dismiss all Eighth Amendment claims against the defendants because they are not susceptible to suit in their official capacities, a number of defendants are not personally involved in the alleged tortious conduct, and Wishard cannot maintain an Eighth Amendment claim based upon a disagreement over the appropriate course of treatment for his illness.

#### a. Agencies & Individuals Defendants in their Official Capacities

*Bivens* claims for monetary damages against the United States, federal agencies, or public officials acting in their official capacities are barred by the doctrine of sovereign immunity. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 484–86 (1994); *Doe v. Chao,* 306 F.3d 170, 184 (4th Cir. 2002) ("[A] *Bivens* action does not lie against either agencies or officials in their official capacities."); *Reinbold v. Evers,* 187 F.3d 348, 355 n.7 (4th Cir. 1999). Thus, the district court should dismiss the agencies and their unnamed officials as defendants in this action.

#### b. Individual Defendants

"[T]o establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate

7

penological objective." *Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999). Thus, a plaintiff must prove "that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." *Iko v. Shreve,* 535 F.3d 225, 241 (4th Cir. 2008); *see Estelle,* 429 U.S. at 104. The objective prong requires the prisoner to show that he suffered from a serious medical need, a need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko,* 535 F.3d at 241. The subjective prong requires the prisoner to show that the prison official acted with deliberate indifference. *See, e.g.*, *Farmer v. Brennan,* 511 U.S. 825, 835–36 (1994); *Estelle,* 429 U.S. at 104; *De'lonta v. Johnson,* 708 F.3d 520, 525 (4th Cir. 2013); *Iko,* 535 F.3d at 241; *Johnson v. Quinones,* 145 F.3d 164, 167 (4th Cir. 1998).

However, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle,* 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle,* 429 U.S. at 106.

Wishard's Eighth Amendment claims should be dismissed as to Defendants McKoy, Lewis, Holland, and Williams because he has failed to connect any of them to an act that he alleges violated his constitutional rights. In order to state a claim under *Bivens* in a defendant's individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676*; see also, Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691–94 (1978); *Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985). A defendant cannot be held liable for the act or omission of their

8

subordinates pursuant to a theory of respondeat superior. *Monell,* 436 U.S. at 663 n.7. Rather, a plaintiff must allege that defendants personally promulgated a policy or enforced a custom that violates one of plaintiff's civil rights. *See Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Wishard failed to allege any act by these defendants that violated his constitutional rights. The district court should dismiss Wishard's claims against these defendants in their individual capacities.

Wishard alleges that Dr. Stock is "experiment[ing] on [him]" with the Pamidronate. Am. Compl. at ¶ V, D.E. 6. However, Wishard fails to allege facts to support this allegation, instead relying on his own opinion that the Pamidronate being administered to him is less effective than the zoledronic acid-reclast chemotherapy he prefers. While the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988). Moreover, a prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment does not rise to the level of a constitutional violation. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985). Thus, Wishard has failed to state a *Bivens* claim against Dr. Stock and the district court should dismiss Wishard's claims against him.

**D.      Claim Asserted under the Federal Tort Claims Act**

The court now turns to Wishard's claim under the FTCA, 28 U.S.C. § 2672, *et seq*, arising out of the medical treatment he received while being held in federal custody in Florida. As an initial matter, the court notes that Wishard named two federal agencies and their officials as defendants in his FTCA action. *See* Mot. to Am. at 1, D.E. 10. However, the only proper defendant in an FTCA claim is the United States. *See F.D.I.C. v. Meyer,* 510 U.S. at 477; *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008); *Maron v. United States,* 126 F.3d 317,

9

321–22 (4th Cir. 1997); 18 U.S.C. § 1346(b). Accordingly, the foregoing defendants should be dismissed from this action without prejudice. The Clerk of Court shall substitute the United States as a defendant in this action.

Wishard alleges that the medical staff at FCI Coleman was negligent in failing to treat him with zoledronic acid-reclast. Mot. to Am. at 2, D.E. 10. Wishard's bone cancer was in remission at the time he was arrested for his parole violation and through the date of his parole revocation hearing on July 15, 2015 when he was committed to BOP custody at Coleman. His medical records, including those showing his treatment with zoledronic acid-reclast, were transferred to FCI Coleman. However, Coleman staff "continuously refus[ed], fail[ed], and … delay[ed]" his cancer treatment for over four months, as a result of which the cancer returned. Compl. at 3, D.E. 1.

Generally, the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. *United States v. Sherwood,* 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see Suter v. United States,* 441 F.3d 306, 310 (4th Cir. 2006), *cert. denied,* 549 U.S. 887 (2006). However, before an individual may bring an FTCA claim in federal court, that claim must have been presented to the appropriate agency and finally denied in writing by that agency. 28 U.S.C. § 2675(a).

Wishard asserts that he has exhausted his administrative remedies. *See* Mot. to Am. at 3–19, D.E. 10; *see also* Pl.'s Ex. at 50–52, D.E. 10-1. In light of Wishard's allegations that the staff at FCC Coleman failed to provide him with required cancer treatments and that this failure potentially compromised his health, the court finds that Wishard's allegations are sufficient to survive this initial review, and Wishard may proceed with this claim.[3]

## IV.    Motion for Injunction

Wishard requests the court to enter an injunction to require the Defendants[4] to treat his bone cancer with zoledronic acid-reclast chemotherapy instead of Pamidronate chemotherapy treatment. Compl., D.E. 1.   The court must consider whether Wishard has met the standard for issuance of a preliminary injunction requiring the Defendants to provide him with his preferred treatment. Ultimately, the court determines that Wishard has not made the necessary showing and his motion should be denied.

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates the following: (1) "that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm.*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on*

---

[3] The court notes that Florida law imposes certain pre-filing requirements on plaintiffs seeking to bring medical malpractice actions. *See* Fla. Stat. § 76.106(b). It is unclear whether Wishard has satisfied these requirements. Because these requirements are not jurisdictional in nature, *Kukral v. Mekras*, 679 So.2d 278, 283 (Fla. 1996), the court will allow this matter to proceed past the initial screening stage.

[4] A plaintiff may seek injunctive relief against a federal officer in his or her official capacity. *Kirby v. City of Elizabeth City, N.C.,* 388 F.3d 440, 452 n.10 (4th Cir. 2004); *see also*, *Everett v. Francis,* No. 5:07CV135, 2009 WL 2971359, *4 (N.D.W. Va. Sep. 16, 2009).

*other grounds*, 559 U.S 1089 (2010), *reissued in relevant part*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances."). This is particularly true when the plaintiff seeks a preliminary injunction that is mandatory in nature instead of prohibitory. In such a circumstance, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)*, 333 F.3d 517, 525 (4th Cir. 2003), *abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

Wishard has failed to establish a "clear showing" that he will prevail in his *Bivens* action. His claim is based on his disagreement with the medical treatment he is receiving from BOP for his bone cancer. The Government's response to Wishard's Administrative Tort Claim calls into serious question whether his claims have merit. Because he has failed to make the required clear showing that he is entitled to the relief he seeks, Wishard's request for a preliminary injunction (D.E. 1) should be denied.

**V.  Motion for Summary Judgment**

Wishard filed a Lawful Notice/Motion of Intent to Move for Summary Judgment which the clerk construed as a motion for summary judgment. D.E. 11. The court has not yet entered a

case management order in this action, and the parties have not yet had the opportunity to engage in discovery. Accordingly, the undersigned recommends that Wishard's motion for summary judgment be denied without prejudice to being refiled after the parties have conduced discovery.

## VI. Motion for Default Judgment

Wishard's request for entry of a default judgment (D.E. 14) is similarly premature. Entry of default is only appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). A defendant is not required to respond to a complaint until after he or she is served with summons and complaint. *See* Fed. R. Civ. P. 12. Service has not occurred in this case, so there is no obligation for any defendant to respond to the Amended Complaint. Therefore, the district court should deny Wishard's motion for entry of default.

## VII. Conclusion

In sum, the undersigned orders that plaintiff's first motion to amend his Complaint (D.E. 5) be DENIED as moot and that his second motion to amend his Complaint (D.E. 10) be GRANTED. Furthermore, Wishard's FTCA claim shall be allowed to proceed, but only against the United States. The Clerk of Court shall substitute the United States of America as a defendant.

The undersigned recommends that that Wishard's remaining claims against all Defendants be dismissed; his motion for an injunction (D.E. 1) be denied; his motion for summary judgment (D.E. 11) be denied; and that his motion for entry of default be denied (D.E. 14).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plaintiff to file written objections to the Memorandum

and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: January 13, 2017.

*Robert T Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE