UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3173-F

**DWIGHT CHARLES WISHARD,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA,**

    Defendant.

**ORDER**

This matter is before the court on the Order and Memorandum and Recommendation ("Order and M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) [D.E. 15]. For the reasons addressed below, this court ADOPTS the Order and M&R.

## BACKGROUND

On July 12, 2016, plaintiff Dwight Charles Wishard ("plaintiff" or "Wishard") filed a lawsuit seeking monetary damages and injunctive relief, alleging that the defendants are violating his constitutional rights and engaging in negligence by providing inadequate medical care for his bone cancer.[1] He claims that he is entitled to receive a specific medication to combat a recurrence of bone cancer, but that medical providers have prescribed a different and inferior medication. Additionally, he claims that the United States Parole Commission violated his Fifth Amendment due process rights by revoking his parole based upon state charges; the staff at Federal Medical Center Butner is retaliating against him, in violation of his First Amendment rights, by planning

---

[1] After Wishard filed his initial Complaint [D.E. 1], he was ordered to re-file his Complaint on the forms used in this district for filing civil actions [D.E. 4]. Wishard re-filed his complaint [D.E. 6] and thereafter filed a motion to amend and supplement his complaint [D.E. 10], which Judge Numbers allowed.

to transfer him to another facility; and the staff at Federal Correctional Center Coleman ("FCC Coleman"), where he was confined prior to FMC Butner, was negligent by not providing him with cancer treatments for several months while he was incarcerated there. Wishard has also been pursuing an Administrative Tort Claim in relation to the care he received while at FCC Coleman. Wishard has additionally filed a motion for summary judgment [D.E. 11] and a motion for entry of default [D.E. 14].

On January 13, 2017, Judge Numbers issued his Order and M&R and (1) allowed Wishard's FTCA claim to proceed, (2) recommended dismissal of Wishard's constitutional claims, and (3) recommended that Wishard's motions for preliminary injunction, entry of default, and summary judgment be denied. On February 1, 2017, Wishard filed objections to the Order and M&R [D.E. 16], accompanied by a 63-page exhibit [D.E 16-1].

In the Order and M&R, Judge Numbers summarized the factual allegations as follows:

> Wishard is serving a 24-month sentence at the Federal Medical Center Butner ("FMC Butner"), after a parole revocation. *See* https://www.bop.gov/inmateloc/ (last visited December 19, 2016). Prior to February 23, 2015, when United States Marshals Service arrested Wishard for allegedly violating his parole, he was receiving zoledronic acid-reclast as treatment for his bone cancer. As a result of this treatment, Wishard claims, his cancer went into remission. He maintains that he experienced "100% positive results" from the medication with no metastasis, bone or joint pain, side-effects, or allergic reactions. *See* Pet'r's Ex. at 22, D.E. 1-1. When the Marshals Service arrested Wishard, it also obtained his medical records. Wishard received his medication each month while in the Marshal's custody. *See id.*
>
> On July 15, 2015, after the United States Parole Commission revoked his parole, Wishard was transferred, along with his medical records, to FCC Coleman in Florida to serve his sentence. *See id.* at 23. The staff at Coleman knew of Wishard's medical condition and the prescribed treatment, but failed to administer it. *See id.* On October 8, 2015, Wishard notified Assistant Warden Camren that he was not receiving his prescribed treatment. *See id.* at 24. On October 22, 2015, the BOP transferred Wishard to FMC Butner. *See id.*
>
> Once at Butner, Wishard underwent bone scan procedure. He had a medical consultation with oncologist Dr. Carden, who told him that the cancer had returned and spread. Dr. Carden told Wishard he would prescribe Pamidronate to treat the recurrence of his cancer. *See id.* at 25. Wishard claims that this medication "has

2

been proven to be of inferior quality to zoledronic acid- reclast." *See id.* at 25–26. Since treatment commenced with Pamidronate, Wishard has suffered side effects "such as severe tightening of [his] chest[,] swelling of [his] throat[,] severe bone, joint and muscle pain[,] pain in [his] ribs on both sides[,] and [in his] arms[,] legs and lower back." *Id.* at 26. Dr. Carden has not responded to Wishard's complaints about these side effects. *See id.* at 26, 28–29. During one of his examinations, Wishard claims that a member of the medical staff told him that the prison was preparing to transfer him to another facility, an action Wishard deems to be retaliatory in nature. D.E. 5 at 3–4.

Wishard has also been pursuing an Administrative Tort Claim in relation to the care he received while at FCC Coleman. Included among the documents with Wishard's Second Amended Complaint is the Government's response to his allegations. D.E. 10-1 at 50. The Government's response outlines the medical care that Wishard received while at FCC Coleman and contends that the care was appropriate. *Id.* It appears to call into question whether Wishard's cancer has, in fact, recurred. *Id.* The Government also notes that zoledronic acid is not a cancer treatment, but, instead, is used "to reduce the frequency of skeletal (bone) complications that can be caused by the underlying cancer." *Id.* at 51. Finally, the Government maintains that the medication prescribed for Wishard at Butner is equally effective as his preferred medication. *Id.* The response concludes by asserting the Government's position that Wishard has received appropriate medical care for all of his injuries and he is not entitled to any damages. *Id.* at 52.

Order and M&R [D.E. 15] 2–3.

## STANDARD OF REVIEW

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendations. Diamond, 416 F.3d at 315 (quotation omitted). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.

3

1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court has reviewed the Order and M&R, the record, and the pleadings.

## DISCUSSION

Wishard's objections are rambling and largely repetitive of the claims and arguments in his Complaint. It is difficult to distill his actual objections from his recitation of his claims and their history. However, liberally construed, it appears that Wishard's ultimate objection is to the revocation of his parole. He objects on the ground that the parole revocation "forced [him] into the custody of the United States [BOP]" where he has suffered the violations of his rights. See e.g., Obj. [D.E. 16] 6–7. Wishard makes two complaints about his parole revocation.

First, he argues that his parole was improperly revoked because his parole revocation hearing occurred more than 90 days after he was arrested for the parole violation. See e.g., Obj. at 5–6, 19–22. He argues that the violation of the 90-days requirement[2] "was arbitrarily and capriciously committed with undisguisable invidious discrimination and deliberate indifference, was a glaring Fifth Amendment Due Process and Eighth Amendment violation simply because, it was a foundationless delay that was unreasonable and prejudicial." Obj. at 22. However, Wishard's argument that his parole was improperly revoked raises new allegations which "are not properly considered in the context of an objection to the M&R." Dale v. Time Warner Cable, No. 5:14-CT-169-FL, 2015 WL 1028189, at *2 (E.D.N.C. Mar. 9, 2015); see also Fuller v. Bryant, Civil Action No. 3:12-cv-2755-RBH, 2013 WL 2635689, at * 3 (D.S.C. June 11, 2013) ("Plaintiff cannot use his objections to plead new claims or cure the factual defects of his existing claims."); Luther v. Wells Fargo Bank, N.A., No. 4:13–CV–72, 2014 WL 3728173, at *3 (W.D.Va. July 24,

---

[2] 18 U.S.C. § 4214(c) provides that an alleged parole violator "shall receive a revocation hearing within ninety days of the date" on which he was taken into custody on the parole violator warrant.

4

2014) (quoting Fuller); Backus v. Cox, No. 4:13-cv-881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) (same); Grant v. Time Warner Cable, No. 3:13-CV-51, 2013 WL 1964546, at *1 (W.D.N.C. May 10, 2013) ("Factual contentions raised for the first time in an objection to an M&R are not properly considered."); White v. United States, No. 4:06-CR-68-FL-1, 2012 WL 3023392, at *2 (E.D.N.C. July 24, 2012) ("The court will not review arguments which are tantamount to new claims when they are asserted for the first time in a party's objections to a magistrate judge's recommendation."). Furthermore, Wishard must challenge the revocation of his parole, if at all, in a habeas corpus action pursuant to 28 U.S.C. § 2241. See Milnes v. Samples, 861 F.2d 265 (Table), 1988 WL 105455, at * 2 (4th Cir. Sept. 22, 1988); Myles v. Cross, Civil Action No. 1:09CV132, 2010 WL 3120106, at *1 (N.D.W.Va. Aug. 4, 2010) (citing Milnes). For the foregoing reasons, the court dismisses this argument.

Second, Wishard objects to Judge Numbers' conclusion that the revocation of his parole does not violate his right to be from double jeopardy. See Obj. at 5-6, 23-30, 32-33. He argues that "the consequential substantial detriment to Plaintiff's quality of life, his highly prized irreplaceable liberty, and his Family are now at the apex or culminating point of their ever shifting triangulating parameter damage limits." Obj. at 30. However, "a sentence imposed upon the revocation of probation or parole is not punishment for the conduct prompting the revocation, but, rather, a modification of the original sentence for which the probation or parole was authorized....". United States v. Woodrup, 86 F.3d 359, 362 (4th Cir. 1996)); see also United States v. Fonteneau, 277 F. App'x 293, 295 (4th Cir. 2008) ("[B]ecause a sentence imposed after the revocation [of probation] is not considered a new punishment," but rather, a part of the original sentence, "the Double Jeopardy Clause is not implicated.") (citing cases); United States v. Hanahan, 798 F.2d 187, 189 (7th Cir. 1986) ("[R]evocation of parole and a criminal prosecution can lawfully be based on the same transaction without violating the double jeopardy clause."). Accordingly, Judge

5

Numbers correctly concluded that this argument has no legal support, see Order and M&R at 6, and this objection is overruled.

Finally, Wishard objects to Judge Numbers' conclusion that he is not entitled to summary judgment or default judgment against the defendants. See Obj. at 47–61. Judge Numbers correctly denied the motion for summary judgment on the ground "the court has not yet entered a case management order in this action, and the parties have not yet had the opportunity to engage in discovery." Order and M&R at 12–13. Therefore, this objection is overruled. Judge Numbers correctly concluded that Wishard's request for entry of a default judgment is similarly premature. Entry of default is only appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). A defendant is not required to respond to a complaint until after he or she is served with summons and complaint. See Fed. R. Civ. P. 12. Service has not occurred in this case, so there is no obligation for any defendant to respond to the Amended Complaint. This objection is overruled.

## CONCLUSION

The court ADOPTS the Magistrate Judge's Order and M&R [D.E. 15]. Plaintiff's objections [D.E. 16] are OVERRULED. As ORDERED by Judge Numbers, Plaintiff's FTCA claim shall be ALLOWED to proceed. Plaintiff's remaining claims against all Defendants are DISMISSED. Plaintiff's motion for an injunction [D.E. 1], motion for summary judgment [D.E. 11] and motion for entry of default [D.E. 14] are DENIED.

SO ORDERED.

This 23 day of February, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge